UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CIVIL ACTION NO. 3:08CV-287-H


KINDRED HOSPITALS LIMITED PARTNERSHIP
d/b/a KINDRED HOSPITAL-LOUISVILLE                                    PLAINTIFF


V.


LANA McDONALD, ADMINISTRATRIX
for the ESTATE OF HARVEY McDONALD;
and BLUE CROSS BLUE SHIELD OF
ALABAMA                                                             DEFENDANTS


**MEMORANDUM OPINION AND ORDER**


The motion to remand filed by Plaintiff, Kindred Hospitals Limited Partnership

("Kindred"), raises some interesting questions about the precise nature of its original lawsuit and

ERISA's broad preemption provisions.

Kindred brought this action seeking, among other things, recovery of expenses it incurred

providing healthcare services to decedent Harvey McDonald ("McDonald"), who, pursuant to

his employment at Progress Rail Services Corporation, was enrolled in a benefits plan

administered by Blue Cross Blue Shield of Alabama ("BCBS") and governed by the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Kindred filed its action

against BCBS in the Kentucky state courts, alleging intentional and negligent misrepresentation

and promissory estoppel.  BCBS removed to federal court on the grounds that though Kindred's

First Amended Complaint did not on its face implicate ERISA, the nature of Kindred's claims

against BCBS, as well as Kindred's relationship as an assignee of McDonald, made removal

proper.  Kindred has now moved to remand the case to state court.

Kindred's claim is relatively straightforward.  It claims that BCBS agreed to pay it for the services it provided to Mr. McDonald, and that BCBS failed to follow through on this promise. However, Kindred argues that it is neither a participant nor a beneficiary under the ERISA plan and that while its claims may "relate to" an ERISA plan for purposes of 29 U.S.C. § 1144(a), this fact alone is not sufficient to make removal proper, since the preemption created by § 1144(a) "does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule."  *Warner v. Ford Motor Co.*, 46 F.3d 531, 533 (6th Cir. 1995) (*en banc*).

BCBS asserts that Kindred is an assignee of Mr. McDonald's benefits under his ERISA plan and that, as consequence; the action is one brought "by a participant or a beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," pursuant to ERISA's civil enforcement provision, 29 U.S.C. § 1132(a)(1)(B).  Such an action would be one over which this court could have exercised original jurisdiction pursuant to 28 U.S.C. § 1331, and therefore removal would be proper under 28 U.S.C. § 1441.

The Court concludes that Kindred either received an assignment of Mr. McDonald's benefits, or, that at a minimum, the events giving rise to this case arose from Kindred acting as an assignee of those benefits.  *See, e.g.,* Notice of Removal, Exhibit D; Def.'s Resp. to Pl.'s Motion to Remand, Exhibit B.  Therefore, while acknowledging that "[i]n making a determination whether the plaintiff's lawsuit was properly removed" the Court must decide whether Plaintiff's complaint "seeks to enforce an ERISA agreement, or asserts rights to future

2

benefits under the plan," *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 613–14 (6th Cir. 2001), and that "[r]emoval and preemption are two distinct concepts," *Warner*, 46 F.3d at 535, the Court believes that like the assignees in *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272 (6th Cir. 1991), Kindred is bringing "completely preempted" claims that fall within the "narrow" exception "that converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Warner*, 46 F.3d at 534 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)) (internal quotation marks omitted).

Kindred's efforts to distinguish *Cromwell* are not convincing. Though the Sixth Circuit was presented with pleadings that mentioned an assignment of benefits on it's face in *Cromwell*, the record before the Court convinces it that *Cromwell*'s invocation of complete preemption applies with equal force here. Furthermore, Kindred's citation of *Caterpiller, Inc. v. Williams* for the idea that Kindred can avoid the impact of complete preemption flies in the face of *Caterpillar*'s discussion of, establishment of, and rationale for complete preemption. 482 U.S. 386, 392 (1987) (noting that "the pre-emptive force of [ERISA] is so 'extraordinary'" as to mandate the "independent corollary" of complete preemption to the well-pleaded complaint rule). It is the nature of ERISA which the Supreme Court justified an exception to the ordinary rule that the plaintiff is the "master of its complaint." *Id.*

While it is certainly possible that courts in other circuits might reach different results in a similar situation, this Court is bound by Sixth Circuit law. Accordingly, the issue of ERISA preemption turns, at least in part, on the nature of the damages that plaintiff seeks. *See Lion's Volunteer Blind Ind., Inc. v. Automated Group Admin., Inc.*, 195 F.3d 803 (6th Cir. 1999). As *Cromwell* put it, "[i]t is not the label placed on a state law claim that determines whether it is

preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit."

944 F.2d at 1276.  While Kindred seeks damages according to claimed "misrepresentations" by

BCBS, the actual measure of these damages will necessitate an inquiry about the existence and

terms that govern Mr. McDonald's ERISA plan.  This fact pattern concerning a

misrepresentation and reliance on the misrepresentation is similar to *Lion's*, where the court

found preemption applied. There the court was similarly persuaded that such an inquiry into the

ERISA plan in question would justify complete preemption. *Lion's*, 195 F.3d at 809.

  For all these reasons, the Court concludes that BCBS's removal was proper.

  Being otherwise sufficiently advised,

  IT IS HEREBY ORDERED that Kindred's motion to remand is DENIED.

cc: Counsel of Record